FILED
SUPERIOR COURT
OF GUAM

2021 MAY -4 PM 1:39

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM** | **CRIMINAL CASE NO.: CF0237-20** |
| vs. | **DECISION AND ORDER** |
| | Re: Defendant's Motion to Sever |
| **JOSEPH JOHN AFLAGUE,** | |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Judge Jonathan R. Quan on April 27, 2021 for a hearing on Defendant Aflague's Motion to Sever. The People of Guam were represented by Assistant Attorney General Jeremiah B. Luther. The Defendant, Joseph John Aflague, was represented by Assistant Public Defender John P. Morrison.

After reviewing the moving papers and oral arguments of both parties, the Court **GRANTS** Defendant Aflague's Motion to Sever.

### BACKGROUND

On July 24, 2020, Defendant Aflague was indicted with the following charges: 1) Possession of a Schedule II Controlled Substance With Intent To Distribute (As a 1st Degree Felony); 2) Burglary (As a 2nd Degree Felony); 3) Conspiracy to Commit Burglary (As a 2nd Degree Felony); and 4) Theft of Property (As a 3rd Degree Felony). See Indictment (July 24, 2020). Defendant was indicted along with co-defendants, Carl

Thomas Jamanila,[1] and Ray David Flores.[2] *Id.* The co-defendants are alleged to have smoked methamphetamine and burglarized a residence. See Magistrate's Compl., Decl. of Steven J. Haderlie (May 2, 2020).

Defendant Aflague requests that the Court sever his trial from that of his co-defendants and asserts that, in statements to police, each co-defendant implicated other co-defendants in the alleged criminal activity. See Mot. to Sever at 2 (Apr. 9, 2021). In particular, Defendant Aflague argues that "[t]he trial of defendant Aflague should be severed from that of his co-defendants to ensure that each defendant receives the fair trial that each is guaranteed under the law." *Id.* at 2-3.

Defendant Aflague's Motion to Sever was filed on April 9, 2021. The People failed to file an opposition. A hearing was held on the matter on April 27, 2021, and the Court subsequently took this matter under advisement.

## DISCUSSION

The Court may grant a severance of defendants or provide other relief justice requires "[i]f it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information by such joinder for trial together . . ." 8 GCA § 63.35. Section 65.35 mirrors Rule 14(a) of the Federal Rules of Criminal Procedure. See 8 GCA §65.35, Note. As such, the Court may turn to federal case law interpreting the analogous federal rules. See *Sumitomo Constr. Co. v. Zhang Ye, Inc.,* 1997 Guam 8 ¶ 17 ("[g]enerally when a legislature adopts a statute which is identical or similar to one in effect in another jurisdiction, it is presumed that the adopting jurisdiction applies the construction placed on the statute by the originating jurisdiction.").

The Supreme Court has held that "[s]everance should be granted only if there is a serious risk that a joint trial would compromise a specific trial right of a properly joined defendant or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States,* 506 U.S. 534, 539 (1993). To prevail on a motion to sever, a defendant bears the burden to show clear, manifest, or undue prejudice from a joint trial.

---

[1] Co-defendant Jamila is charged with: 1) Burglary (As a 2nd Degree Felony); 2) Conspiracy to Commit Burglary (As a 2nd Degree Felony); 3) Theft of Property (As a 3rd Degree Felony); and 4) Possession of a Schedule II Controlled Substance (As a 3rd Degree Felony).
[2] Co-defendant Flores is charged with: 1) Burglary (As a 2nd Degree Felony) with Special Allegation: Possession or Use of a Deadly Weapon in a Commission of a Felony; 2) Conspiracy to Commit Burglary (As a 2nd Degree Felony); and 3) Theft of Property (As a 3rd Degree Felony).

See *United States v. Polizzi*, 801 F.2d 1543, 1544 (9th Cir. 1986). "The prime consideration in assessing the prejudicial effect of a joint trial is whether the court may reasonably expect the jury to collate and appraise the independent evidence against each defendant in view of its volume and the court's limiting instructions." *United States v. Sherlock*, 962 F.2d 1349, 1360 (9th Cir. 1989).

The Confrontation Clause of the Sixth Amendment guarantees a criminal defendant's the right "to be confronted with the witnesses against him." U.S. CONST. amend. XL. This includes the right to cross-examine witnesses. *Richardson v. Marsh*, 481 U.S. 200, 206 (1987) (citation omitted). "Therefore, where two defendants are tried jointly, the pretrial confession of one cannot be admitted against the other unless the confessing defendant takes the stand." *Id.* Severance of defendants is thus required in cases where the confession of a non-testifying co-defendant implicate the other defendant, as the defendant's constitutional right to confront witnesses against him would be infringed. *Bruton v. United States*, 391 U.S. 123, 133-36 (1968). This is regardless of whether the jury is instructed to consider that confession only against the codefendant. *Id.* When a co-defendant's statement or confession does not directly implicate a defendant, but only comes in any way incriminating through other evidence, however, Bruton does not apply. *Richardson*, 481 U.S. at 207-10 (1987).

In the instant case, "Mr. Jamanilla specifically told officers that Mr. Aflague was the source of any drugs found in his possession and that Mr. Aflague and Mr. Flores were responsible for committing a burglary while he lacked any knowledge of the plan." Mot. to Sever at 2 (Apr. 9, 2021). Similarly, "Mr. Aflague alleged that Mr. Jamanilla and Mr. Flores were criminally responsible for certain conduct." *Id.* In other words, "the parties blamed one another for everything while denying their own role." *Id.*

Accordingly, the Court is not persuaded that clear, manifest, or undue prejudice can be avoided, and the Court is not inclined to sacrifice constitutional rights in favor of judicial economy. See *Bruton*, 391 U.S. at 137 ("We cannot accept limiting instructions as an adequate substitute for petitioner's constitutional right of cross-examination."). Moreover, severance is appropriate when a defendant shows that "' [t]he essence or core of the defenses [are] in conflict such that the jury, in order to believe the core of one defense, must necessarily disbelieve the core of the other.'" *Sherlock*, 962 F.2d at 1361 (quoting *United States v. Romanello*, 726 F.2d 173, 177 (5th Cir.1984)). In view of the myriad

statements offered by Co-Defendants, a joint trial would be prejudicial to Defendant Aflague and, indeed, judicial economy would be undermined by admission of such a morass of conflicting accounts and theories of defense. The Court, therefore, grants Defendant Aflague's Motion to Sever.

## CONCLUSION

For the reasons set forth above, the Court hereby **GRANTS** the Defendant Joseph John Aflague's Motion to Sever.

**SO ORDERED** this ____ day of _____, 2021.

_____
HONORABLE JONATHAN R. QUAN
Judge, *Pro Tempore*, Superior Court of Guam